UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| NEHEMIAH STEVEN BLACK BEAR, Plaintiff, vs. STATE OF SOUTH DAKOTA, individual and official capacity; LYNDEE KAMRATH, individual and official capacity; JUDGE ZELL, individual and official capacity; UNKNOWN PROSECUTOR, individual and official capacity, Defendants. | 4:22-CV-04012-KES ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING FOR DISMISSAL |

Plaintiff, Nehemiah Steven Black Bear, an inmate at the Minnehaha County Jail,[1] filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Black Bear moves to proceed in forma pauperis and included his prisoner trust account report. Dockets 2, 3.

I. **Motion to Proceed Without Prepayment of Fees**

Black Bear reports average monthly deposits of $15.50 and an average monthly balance of $0.09. Docket 3 at 1. Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis

---

[1] Black Bear does not provide facts regarding the reason why he is detained at the Minnehaha County Jail or his expected release date. *See* Docket 1. The court will treat him as a pretrial detainee because he was incarcerated at a county jail when he filed the present action. *See id.* at 1.

. . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Black Bear's prisoner trust account, the court grants Black Bear leave to proceed without prepayment of fees and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Black Bear must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Black Bear's institution. Black Bear remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.  1915A Screening

### A.  Factual Background

The facts alleged in Black Bear's complaint are: that he was arrested on July 7, 2021, arraigned, and advised of his right to a speedy trial. Docket 1 at 4. He alleges that Judge Zell, the Minnehaha County State's Attorney Office, and Lyndee Kamrath, his court-appointed attorney, have conspired to deprive him of his right to a speedy trial. *See id.* He also alleges that court-appointed defense attorneys in South Dakota, including Kamrath, are actually prosecutors because they work with prosecutors to secure convictions and deprive defendants of their constitutional rights. *Id.* at 5. Black Bear claims that South Dakota fails to properly train and supervise its attorneys, allowing unethical conduct to go unchecked. *Id.* He claims that Kamrath insisted he plead guilty, violating his right to be free from self-incrimination. *Id.* at 6;

Docket 4 at 1. He also claims that the state's habitual offender statutes constitute double jeopardy. *See* Docket 1 at 6.

Black Bear brings claims for deprivation of his right to a speedy trial, his right to effective assistance of counsel, his right to be free from self-incrimination, and his right to be free from double jeopardy. *See* Docket 1 at 4-6. He also claims that defendants conspired to deprive him of these rights. *See id.* He sues Kamrath, Judge Zell, and the Unknown Prosecutor in their individual and official capacities, but he does not specify which claims he brings against which defendant. *See id.* at 2, 4-6. He claims that defendants have deprived him of his rights and caused him mental anguish, depression, anxiety, defamation of character, and loss of wages and freedom. *Id.* at 4. He seeks several forms of injunctive relief and $1,000,000 in money damages. *Id.* at 7.

**B.     Legal Background**

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

    **C.**    **Legal Analysis**

        **1.**    **Claims Against the State of South Dakota**

Black Bear brings claims against the State of South Dakota. Doc. 1 at 2. The Supreme Court has explained that Congress, in passing 42 U.S.C. § 1983, did not abrogate states' Eleventh Amendment immunity from suit in federal court. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). "Eleventh

Amendment immunity extends to states and arms of the state . . . ." *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006) (internal quotations omitted). Thus, Black Bear's claims against the state of South Dakota are barred by the Eleventh Amendment and dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 2. Claims Against Judge Zell

Black Bear brings claims against Judge Zell.[2] Docket 1 at 2. Judges are generally immune from suit if the judge had jurisdiction over the party. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Id.* at 356-57 (footnote omitted) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judges are immune from suit with two narrow exceptions. *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

---

[2] The court takes judicial notice of the fact that Black Bear is referring to Judge Bradley G. Zell of the South Dakota Second Judicial Circuit.

Here, Black Bear alleges that Judge Zell has conspired with the Minnehaha County State's Attorney Office and Kamrath to deprive him of his rights and that Judge Zell has deprived him of his speedy trial rights. Docket 1 at 4. Black Bear makes no allegations of fact regarding what actions Judge Zell took to conspire against him or deprive him of his rights. *See id.* at 4-6. Black Bear does not allege that Judge Zell's actions were taken outside his judicial capacity or that they were taken in the absence of all jurisdiction. Thus, Judge Zell is entitled to judicial immunity, and Black Bear's claims against Judge Zell are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 3. Official Capacity Claims for Money Damages

Black Bear brings claims against Kamrath and the Unknown Prosecutor in their official capacities for money damages. Docket 1 at 2. Kamrath and the Unknown Prosecutor were employees of the Minnehaha County Public Advocate Office and the Minnehaha County State's Attorney Office at the time of the incidents in question. *Id.* "A suit against a government officer in his [or her] official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Black Bear's official capacity claims against Kamrath and the Unknown Prosecutor are equivalent to claims against Minnehaha County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipal government may be sued only "when

7

execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Id.*; *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1997) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist.*, 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must still include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Here, Black Bear fails to allege facts that support the existence of an unconstitutional policy or custom. Although he cites other complaints by Minnehaha County Jail inmates, some of whom make similar allegations, he alleges no facts regarding his claims, only conclusory statements of law. *See* Docket 1 at 4-6. He provides no facts as to what Kamrath and the Unknown Prosecutor have done to deprive him of his rights, such as details as to the ways in which Kamrath's representation has been ineffective or how the two defendants have delayed his trial. *See id.* He alleges that Kamrath has worked with prosecutors to secure a guilty plea, but he does not explain why advising him to plead guilty was ineffective representation. *See id.* at 5-6. Instead, he merely states that they have conspired to deprive him of his rights and that the actions of municipal employees constitute a *Monell* claim. *See id.* at 4-6. Thus, his claims against Kamrath and the Unknown Prosecutor in their official capacities for money damages are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 4. Individual Capacity Claims Against the Unknown Prosecutor

Black Bear brings claims against the Unknown Prosecutor in his or her individual capacity. Docket 1 at 2. Absolute immunity shields prosecutors "from civil liability under § 1983 for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Anderson v. Larson,* 327 F.3d 762, 768 (8th Cir. 2003) (citing *Buckley*

*v. Fitzsimmons*, 509 U.S. 259, 268-71 (1993)). In other words, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley*, 509 U.S. at 273. Here, Black Bear fails to allege specific facts regarding the actions taken by the Unknown Prosecutor. *See id.* at 4-6. His claims all pertain to the Unknown Prosecutor's pursuit of a criminal prosecution against him. *See id.* Thus, they fall under the protections of absolute immunity. Black Bear's claims against the Unknown Prosecutor in his or her individual capacity are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 5. Remaining Individual Capacity Claims and Official Capacity Claims for Injunctive Relief

Black Bear brings claims against Kamrath in her individual capacity and against Kamrath and the Unknown Prosecutor in their official capacities for injunctive relief. Docket 1 at 2, 4-6. Construing his complaint liberally, Black Bear claims that Kamrath and the Unknown Prosecutor have violated his Sixth Amendment right to a speedy trial, his Sixth Amendment right to effective assistance of counsel, his Fifth Amendment right to be free from self-incrimination, and his Fifth Amendment right to be free from double jeopardy. *See id.* at 4-6. He also alleges that Kamrath and the Unknown Prosecutor conspired to deprive him of his rights. Under *Twombly*, these claims require Black Bear to allege facts sufficient to raise his right to relief above the speculative level.

10

Here, Black Bear fails to allege sufficient facts to state a claim upon which relief may be granted. He does not explain the circumstances regarding his alleged speedy trial violation other than to say that he was arrested on July 7, 2021, and has not yet been tried. *See id.* at 4. Further, speedy trial claims regarding pending state court charges are best suited for state court. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."). Although he claims that Kamrath's representation has been ineffective, he makes no allegations regarding the ways in which her representation was ineffective other than to claim that she repeatedly advised him to plead guilty. *See* Docket 1 at 6; Docket 4 at 1. This advice is not a violation of his right to effective assistance of counsel or his right to be free from self-incrimination.

Black Bear claims that South Dakota's habitual offender statute violates his right to be free from double jeopardy, but the United States Supreme Court has repeatedly upheld challenges to habitual offender statutes on double jeopardy grounds. *E.g., Vartelas v. Holder*, 566 U.S. 257, 271-72 (2012). He alleges no facts regarding a conspiracy involving Kamrath or the Unknown Prosecutor other than to claim that they worked with each other and others to deprive him of his rights. *See* Docket 1 at 4-6. Black Bear fails to allege sufficient facts to meet the standard required by *Twombly* for any of his claims. Thus, Black Bear's claims against Kamrath in her individual capacity and

11

against Kamrath and the Unknown Prosecutor in their official capacities for injunctive relief are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### D. Strike Under 28 U.S.C. § 1915(g)

The court finds that Black Bear's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because Black Bear's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal will count as a strike.

Thus, it is ORDERED:

1. That Black Bear's motion to proceed in forma pauperis (Docket 2) is granted.

2. That the institution having custody of Black Bear is directed that whenever the amount in Black Bear's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Black Bear's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $402 filing fee is paid.

3. That Black Bear's complaint (Docket 1) is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4. That this action constitutes a strike against Black Bear for purposes of the three-strikes rule under 28 U.S.C. § 1915(g).

5. That judgment is entered in favor of the state of South Dakota, Lyndee Kamrath, Judge Zell, and the Unknown Prosecutor and against Black Bear.

Dated February 15, 2022.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE